IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TERESA NAJERA HERNANDEZ, § | |
| Plaintiff, § | |
| v. § | No. 3:16-CV-2561-C (BF) |
| NANCY A. BERRYHILL, Acting § | |
| Commissioner of the Social Security § | |
| Administration, § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS & RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Teresa Najera Hernandez ("Plaintiff") brings this action for judicial review of the Commissioner of the Social Security Administration's ("Commissioner") final decision denying her claims for a period of disability and disability insurance benefits under Title II of the Social Security Act pursuant to 42 U.S.C. § 405(g). For the following reasons, the undersigned respectfully recommends that the District Court REVERSE and REMAND the final decision of the Commissioner.

**BACKGROUND**

Plaintiff alleges that she is disabled due to a variety of ailments including hepatitis C, cirrhosis of the liver, type 2 diabetes, edema of the legs and feet, and depression. Tr. 27, ECF No. 15-3; Tr. 170, ECF No. 15-7. After Plaintiff's application was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on March 19, 2015 in Dallas, Texas before ALJ Whitfield Haigler, Jr. Tr. 26, ECF No. 15-3. Plaintiff was born on November 29, 1965, and at the time of the hearing, Plaintiff was 49 years old. Tr. 26, ECF No. 15-3; Tr. 159, ECF No. 15-7. Plaintiff attended one year of college. Tr. 171, ECF No. 15-7. Plaintiff has past work experience as a customer service representative and a fast

food worker. Tr. 48, ECF No. 15-3. Plaintiff has not engaged in substantial gainful activity since June 10, 2013. Tr. 19, ECF No. 15-3.

The ALJ issued his decision on July 7, 2015 finding that Plaintiff has not been under a disability as defined in the Social Security Act from June 10, 2013 through the date of his decision. Tr. 19, ECF No. 15-3. The ALJ determined that Plaintiff had the following severe impairments: hepatitis C with cirrhosis, type II diabetes, edema of the legs and feet, and depression. Tr. 11, ECF No. 15-3. The ALJ determined that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). Tr. 12, ECF No. 15-3. The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) with the following limitations:(1) occasionally lift or carry 20 pounds; (2) frequently lift or carry up to 10 pounds; (3) walk or stand for six hours in an eight hour workday; (4) sit for six hours in an eight hour workday; and (5) occasionally reach overhead with her left non-dominant hand. Tr. 15, ECF No. 15-3. Plaintiff appealed the ALJ's decision to the Appeals Council, and on July 12, 2016, the Appeals Council denied Plaintiff's request. Tr. 1, ECF No. 15-3. Plaintiff subsequently filed this action in the district court on September 7, 2016. Compl., ECF No. 1.

## **LEGAL STANDARDS**

A claimant must prove that she is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

> (1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;
> (2) an individual who does not have a "severe impairment" will not be found to be disabled;
> (3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;
> (4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and
> (5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits

is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). An "ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany v. Colvin*, No. 4:12-CV-878-A, 2014 WL 1255316, at *9 (N.D. Tex. Mar. 26, 2014) (citing *Dollins v. Astrue*, No. 4:08-CV-503-A, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (citing *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure."). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there

is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

## ANALYSIS

Plaintiff argues that the ALJ's RFC finding, which does not include a mental limitation, is internally inconsistent with the ALJ's step two finding that Plaintiff's depression is severe. Pl.'s Br. 8, ECF No. 20. Plaintiff argues that these findings cannot be reconciled, because a severe impairment is defined as an impairment that "significantly limits an individual's ability to perform basic work activities." 20 C.F.R. § 404.1520(c); Tr. 10, ECF No. 15-3; Pl.'s Br. 9, ECF No. 20. Plaintiff argues that numerous cases have held that finding a severe mental impairment at step two necessarily implies that the RFC finding must include some mental limitation, and the absence of a mental limitation creates a facial inconsistency. *See* Pl.'s Br. 9, ECF No. 20 (citing *Milligan v. Colvin*, No. 2:12-CV-101-J (BB), 2013 WL 5345842, at * (N.D. Tex. Sept. 6, 2013); *Martinez v. Astrue*, No. 2:10-CV-102-J (BB), 2011 WL 4128837, at *7 (N.D. Tex. Sept. 9, 2011)).

Plaintiff further argues that the ALJ violated the rule of *Ripley v. Chater*, 67 F.3d 552 (5th Cir. 1995), because the three medical opinions in the record that assessed Plaintiff's mental RFC did not find that Plaintiff had no restrictions on her mental RFC as the ALJ implicitly found. Pl.'s Br. 13, ECF No. 20. Plaintiff points out that Dr. Christina Ryser, the only examining psychologist in the record concluded that Plaintiff had "poor memory skills," "somewhat poor concentration skills," required "an inordinate amount of time to attempt/complete" mental tasks, and that Plaintiff "required multiple lengthy pauses" and "repetition (both to herself and by the examiner) in order to work through the exercises and produce her answers." Pl.'s Br. 13, ECF No. 20; Tr. 393-94, ECF No. 15-9. Plaintiff also points out that Dr. Ryser stated the following:

5

> [I]t appears possible that the claimant has even more difficulty with attending and concentrating when she must focus for extended periods of time, when she must multi-task, or when she is experiencing even greater symptom severity. During such instances, the claimant may have difficulty being persistent in completing tasks, may take even more time than expected to complete tasks, or may have trouble finishing tasks altogether. . . . Collectively, her mental/emotional symptoms appear to be substantially impacting her occupational functioning at the present time, to the extent that she is likely to have difficulty maintaining employment, due to difficulty staying focused and keeping up with the duties required of many jobs.

Tr. 394-95, ECF No. 15-9; Pl.'s Br. 13-14, ECF No. 20. Plaintiff further points out that the opinion of state agency physician, Dr. Mehdi Sharifian, which the ALJ stated was supported by the record and that he gave substantial weight to, indicated that Plaintiff had limitations in understanding, memory, sustained concentration, persistence, and social interactions. Tr. 14 & 17, ECF No. 15-3; Pl.'s Br. 16, ECF No. 20; Tr. 74-75, ECF No. 15-4. Plaintiff argues that these limitations call into question Plaintiff's ability to perform many types of work, and that Plaintiff's claim cannot be appropriately resolved until these limitations are correctly addressed. Pl.'s Br. 15, ECF No. 20.

Plaintiff argues that if the ALJ gave significant weight to any of the three medical opinions that assessed Plaintiff's mental limitations as claimed, then his RFC finding would have included at least one mental limitation, because all three of the doctors determined that Plaintiff had significant work-related mental limitations. Pl.'s Br. 16-17, ECF No. 20. Therefore, Plaintiff argues that in failing to include mental limitations, the ALJ independently decided the effects of Plaintiff's mental impairments on her ability to perform work activities, in violation of the rule in *Ripley v. Chater*, 67 F.3d 552 (5th Cir. 1995) which precludes ALJs from interpreting raw medical data. Pl.'s Br. 17, ECF No. 20 (citing *Howeth v. Colvin*, No. 3:12-CV-979-P, 2014 WL 696471, at *11 (N.D. Tex. Feb. 24, 2013)). Plaintiff further argues that, if an ALJ decides not to accept the medical opinions available on how Plaintiff's condition interferes with her ability to perform work-related

6

activities, the ALJ is obligated to obtain a new medical opinion, rather than attempting to determine the functional limitations based on his own review of the medical record. Pl.'s Br. 17-18, ECF No. 20 (citing *Shugart v. Astrue*, No. 3:12-CV-1705-BK, 2013 WL 991252, at *5 (N.D. Tex. Mar. 13, 2013)). Plaintiff argues that the ALJ attempted to infer Plaintiff's functional abilities by interpreting the same medical records that the physicians reviewed, rather than inviting a psychologist or psychiatrist to testify at the hearing, as is routinely done by ALJs who are not satisfied with the medical opinions available in the record. Pl.'s Br. 18, ECF No. 20. Plaintiff argues that the ALJ's conduct is precisely the sort of "doctor playing" that the *Ripley* line of cases preclude. Pl.'s Br. 18, ECF No. 20.

In the response, the Commissioner argues that a finding that a claimant has a severe impairment does not necessarily lead to a conclusion that the impairment causes work-related limitations for purposes of an RFC finding. Def.'s Br. 5, ECF No. 21. The Commissioner also argues that the ALJ properly discussed the limitations assessed by Dr. Christina Reyser and the state agency medical consultants and properly declined to accept their findings after considering other evidence in the record. Def.'s Br 7, ECF No. 21. The Commissioner further argues that there is no inconsistency in the ALJ giving significant weight to the state agency physicians' opinions and assessing significant exertional limitations, but declining to assess the nonexertional limitations they found based on other evidence showing that Plaintiff functioned normally from a mental standpoint. Def.'s Br. 8, ECF No. 21. In addition, the Commissioner contends that Plaintiff failed to show that she was prejudiced by any alleged inconsistency in the ALJ giving some weight to Dr. Ryser's opinion regarding Plaintiff's difficulty with detailed or complex instructions, and the ALJ's conclusion that Plaintiff could perform simple jobs. Def.'s Br. 8, ECF No. 21; Tr. 18, ECF No. 15-3;

7

Tr. 394, ECF No. 15-9.

In the reply, Plaintiff argues that there is an obvious contradiction between the ALJ's finding that Plaintiff's depression "significantly limits [her] ability to perform basic work activities" and the ALJ's RFC finding that Plaintiff has no work-related mental restrictions. Reply 1, ECF No. 22. Therefore, Plaintiff argues that it is no surprise that the Commissioner has nothing to say about the numerous cases holding that such facial inconsistencies in the agency's final decision requires a remand for clarification, given the basic rule that courts are not permitted to rewrite or improve upon the administrative decisions that they review. Reply 1, ECF No. 22. Plaintiff argues that the ALJ explicitly crediting three medical opinions that found work-related mental limitations, at least in part, while also finding that Plaintiff has no mental limitations in connection with her RFC is incoherent and warrants remand for clarification under the rule set forth in *Securities and Exchange Commission v. Chenery Corporation* that "we must know what a decision means before the duty becomes ours to say whether it is right or wrong." Pl.'s Br. 10 n.40, ECF No. 20 (quoting *Sec. & Exch. Comm'n v. Chenery Corp.*, 67 S. Ct. 1575, 1577 (1947); *United States v. Chicago, Milwaukee, St. Paul & Pacific R.R. Co.*, 294 U.S. 499, 511 (1935)); Reply 4, ECF No. 22.

In *Ripley v. Chater*, the Fifth Circuit stated the following:

> The ALJ is responsible for determining an applicant's residual functional capacity. After considering the evidence, however, we conclude that the ALJ's determination . . . was not supported by substantial evidence. The record includes a vast amount of medical evidence establishing that Ripley has a problem with his back. What the record does not clearly establish is the effect Ripley's condition had on his ability to work. . . . The Commissioner argues that the medical evidence substantially supports the ALJ's conclusion. In making this argument, the Commissioner points to reports discussing the extent of Ripley's injuries. Without reports from qualified medical experts, however, we cannot agree that the evidence substantially supports the conclusion that Ripley was not disabled because we are unable to determine the effects of Ripley's conditions, no matter how "small" on his ability to perform

>sedentary work. . . . Therefore, on remand, we instruct the ALJ to obtain a report from a treating physician regarding the effects of Ripley's back condition upon his ability to work.

*Ripley*, 67 F.3d at 557-58 & n.27; *see also Williams v. Astrue*, 355 F. App'x 828, 832 n.6 (5th Cir. 2009) ("In *Ripley*, we held that an ALJ may not-without opinions from medical experts-derive the applicant's residual functional capacity based solely on the evidence of his or her claimed medical conditions. Thus, an ALJ may not rely on his own unsupported opinion as to the limitations presented by the applicant's medical conditions."). Furthermore, the Court stated the following in *Thornhill v. Colvin*:

>The problem with the ALJ's RFC determination is, as Plaintiff argues, that the ALJ rejected any medical opinion addressing or touching on Plaintiff's condition's effect on her ability to work and relied on progress notes that do not themselves address Plaintiff's work limitations. . . . While the ALJ may choose to reject medical sources' opinions, he cannot then independently decide the effects of Plaintiff's mental impairments on her ability to perform work-related activities, as that is prohibited by *Ripley* . . . . Rather, at that point, it became incumbent upon the ALJ to obtain an expert medical opinion about the types of work tasks that Plaintiff could still perform given her impairments.

*Thornhill v. Colvin*, No. 3:14-CV-335-M (BN), 2015 WL 232844, at *10 (N.D. Tex. Jan. 16, 2015) (citing *Ripley*, 67 F.3d at 557-58; *Williams*, 355 F. App'x at 831-32).

As Plaintiff argues, there is an inconsistency between (1) the ALJ finding that Plaintiff's depression was a severe impairment at step two; (2) the three medical opinions that the ALJ credited finding that Plaintiff had work-related mental limitations; and (3) the lack of mental limitations in the ALJ's RFC finding. Tr. 11, 15, & 17-18, ECF No. 15-3. While it would be acceptable for the ALJ to come to this conclusion if other medical opinions in the record supported the ALJ's RFC finding, as the case law discussed explains, the ALJ cannot come to this conclusion on his own. *See Thornhill*, 2015 WL 232844, at *10. In addition, as Plaintiff further points out, "we must know what

9

a decision means before the duty becomes ours to say whether it is right or wrong." Pl.'s Br. 10 n.40, ECF No. 20 (quoting *Chenery Corp.*, 67 S. Ct. at 1577; *Chicago, Milwaukee, St. Paul & Pacific R.R. Co.*, 294 U.S. at 511); Reply 4, ECF No. 22. This Court is not at liberty to speculate as to the apparent discrepancy. *See Martinez*, 2011 WL 4128837, at *7 ("[T]his Court . . . cannot speculate as to what the ALJ may have considered. Specifically, this Court cannot find that the ALJ's inclusion of the re-attachment surgery as a severe impairment was merely meaningless verbiage. While there is a possibility the ALJ included the re-attachment surgery mistakenly, or in error, there is also a possibility the ALJ included the re-attachment surgery as a severe impairment because he found it to be a severe impairment . . . . Without some explanation in the record as to how plaintiff can suffer from a severe impairment, which by definition must have more than a minimal effect on plaintiff's ability to work, and why such a severe impairment would not have had any limitation on plaintiff's ability to handle objects or pose other manipulative limitations which would affect the jobs identified by the vocational expert, the decision cannot stand."); *Milligan*, 2013 WL 5345842, at *5 ("[T]he ALJ's decision finding plaintiff's several non-exertional impairments were severe at Step Two was internally inconsistent with his later decision that the impairments did not significantly affect plaintiff's RFC at Step Five . . . [T]he ALJ cannot rule one way on the issue at Step Two and rule the opposite at Step Five. Such internal inconsistency constitutes reversible error."). Upon consideration of the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and should be remanded for further consideration. Because the undersigned concludes that remand is required for the reasons discussed, the undersigned pretermits consideration of Plaintiff's remaining arguments.

**RECOMMENDATION**

For the reasons stated above, the undersigned respectfully recommends that the District Court REVERSE and REMAND the final decision of the Commissioner.

SO RECOMMENDED, this 20th day of June, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).